IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 12 C 8608 |
| v. | ) Judge Virginia M. Kendall |
| KHARL WILLIAMS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Kharl Williams filed this *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Williams alleges the following: (1) the placement of a GPS tracking device violated his Fourth Amendment constitutional rights; (2) any illegally obtained evidence arising from law enforcement's use of the GPS device is the fruit of the poisonous tree; and (3) he was denied the effective assistance of counsel during pre-trial and sentencing proceedings. For the reasons stated herein, Williams's Motion is denied.

## BACKGROUND

On February 8, 2011, a federal grand jury indicted Williams on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). *See United States v. Williams*, 11 CR 32, Dkt. 7. Williams pleaded not guilty on February 24, 2011. (*Id.*, Dkt. 15). On August 18, 2011, Williams changed his plea to guilty to both counts of the Indictment. (*Id.*, Dkt. 26–27). On January 31, 2012, this Court sentenced Williams to a term of 87 months' imprisonment, three years' supervised release, and restitution. (*Id.*, Dkt. 36–37). On February 22, 2012 Williams filed a Notice of Appeal. (*Id.*, Dkt. 38). On September 4, 2012, Williams filed a motion to dismiss his appeal and the Seventh Circuit ordered the appeal dismissed. (*Id.*, Dkt. 50). Williams filed the instant Motion on October

26, 2012. (No. 12 C 8608, Dkt. 1.)

## STANDARD OF REVIEW

Section 2255 allows a federal prisoner to move the district court that imposed his sentence to vacate it, set it aside, or correct it. *See* 28 U.S.C. § 2255. Such a motion seeks "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Relief under § 2255 may be granted "only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (internal citations and quotations omitted).

Due to the extraordinary nature of the requested remedy, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Thus, "[o]nly when the district court has determined that the § 2255 motion ought not be dismissed at that early stage does the district court have occasion to determine whether an evidentiary hearing is required." *Almonacid,* 476 F.3d at 521 (citing Rule 8(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*).

## DISCUSSION

### I. Williams's Fourth Amendment Claims are Procedurally Defaulted and Barred

Williams raises two separate but related Fourth Amendment claims: (1) law enforcement's use of a GPS device on his vehicle without first obtaining a warrant violated his Fourth

2

Amendment rights in light of the Supreme Court's decision in *United States v. Jones*, 132 S.Ct. 945 (2012), which held that the installation of a GPS device on a vehicle and the use of that device to track the vehicle's location constitutes a search within the meaning of the Fourth Amendment; and (2) evidence obtained through the use of the GPS device was the fruit of a poisonous tree.

The Court addresses whether Williams has procedurally defaulted his Fourth Amendment claims. If a § 2255 petitioner does not raise a constitutional claim on direct appeal, that claim is barred from the Court's collateral review unless the defendant can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) or show that enforcing the procedural default would lead to a "fundamental miscarriage of justice" because the defendant is "actually innocent," *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). *See also Bedford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992); *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

Williams dismissed his direct appeal and never raised his Fourth Amendment claims based on *Jones* before the Seventh Circuit.[1] *See Bousley*, 523 U.S. at 621 (petitioner procedurally defaulted a claim that was not raised on appeal); *see also Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (stating—but not holding because the government failed to raise the issue—that the defendant procedurally defaulted on his claim that the plea was unknowing and involuntary by failing to take a direct appeal); *see, e.g, Black v. United States*, No. 12 C 4306, 2013 WL 608300, at *7 (N.D. Ill. Feb. 19, 2013) (petitioner procedurally defaulted his claim that the government's seizure of his proceeds violated his Fourth Amendment rights because he did not argue the claim on appeal); *Kruger v. United States*, No. 04 C 5611, 2008 WL 7325137, at *9 (N.D. Ill. Nov. 26, 2008) (same). Therefore, Williams's Fourth Amendment claims are

---

[1] Williams dismissed his appeal on September 4, 2012, No. 11 CR 32, Dkt. 50, nearly nine months after the Supreme Court issued its decision in *Jones*. *See Jones*, 132 S.Ct. 945 (decided Jan. 23, 2012).

3

procedurally barred unless he can (1) establish cause for and prejudice resulting from his failure to bring his claims, or (2) demonstrate actual innocence.

To show cause, a petitioner must demonstrate some impediment external to him. *See Coleman v. Thompson,* 501 U.S. 722, 753 (1991) ("some objective factor external to the defense" must impede a petitioner's ability to raise a claim). Williams points to no such impediment in this case and in fact withdrew his appeal voluntarily based on the advice of his appellate attorney. Williams also does not argue that this withdrawal was based on the ineffective assistance of appellate counsel. Thus, Williams has failed to show the requisite impediment external to him regarding his ability to raise a claim. Because Williams is unable to show cause for his procedural default, the Court need not decide whether Williams is able to establish prejudice. *See Oliver v. United States*, 961 F.2d 1339, 1342 (7th Cir. 1992). Nor does Williams offer new evidence or argue he is factually innocent. Therefore, Williams cannot overcome his procedural default on his Fourth Amendment claims. *See Oliver*, 961 F.2d at 1343 (petitioner not actually innocent when he fails to argue factual innocence and no "inkling of that possibility" was found in the record). Accordingly, Williams's Fourth Amendment challenges are procedurally defaulted and barred.

**II.     Williams has Not Shown that he was Denied the Effective Assistance of Counsel**

Williams also argues that he was denied the effective assistance of counsel in violation of the Sixth Amendment. Specifically, Williams asserts three alleged errors in his representation: (1) his trial attorney did not file a motion to suppress before he pled guilty; (2) his trial attorney wrongly advised him to enter a guilty plea instead of filing a motion to withdraw his guilty plea following the Supreme Court's decision in *Jones*; and (3) his trial attorney failed to request and present sufficient evidence of his alleged diminished mental capacity.

At the outset, the Court must determine whether Williams has forfeited his Sixth Amendment claim. A federal prisoner's failure to raise an ineffective assistance of counsel claim on direct appeal will result in forfeiture only when the claim is based entirely on the trial record. *Stoia v. United States*, 22 F.3d 766, 768-69 (7th Cir. 1994); *see also Olmstead v. United States*, 55 F.3d 316, 320 (7th Cir. 1995) (claim of ineffective assistance of counsel based upon the trial record alone must be brought on direct appeal). However, because claims of ineffective assistance of counsel usually involve evidence outside the trial record, such claims may be brought for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Davenport,* 986 F.2d 1047, 1050 (7th Cir. 1993) ("[A] defendant who presents his ineffective-assistance claim for the first time on direct appeal has little to gain and everything to lose."); *Torzala*, 545 F.3d at 524; *see also United States v. Taglia,* 922 F.2d 413, 418 (7th Cir. 1991) (noting that a § 2255 petitioner is unlikely to "get to first base if he already has presented a claim of ineffective assistance of counsel to the court of appeals unsuccessfully."). In the instant case, Williams attempts to support his ineffective assistance claim by presenting correspondence from his trial counsel and alleged quotations of his trial counsel. Because these items were outside the record, Williams' Sixth Amendment claim is not forfeited.

To prevail, then, on his Sixth Amendment claim, Williams must demonstrate: "(1) that his attorney's performance fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell v. Kingston,* 497 F.3d 757, 761 (7th Cir.2007) (citing *Strickland v. Washington,* 466 U.S. 688 (1984)) (internal quotations omitted). When considering claims of

5

ineffective assistance of counsel, the Court has long afforded "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Where, as here, the petitioner has voluntarily entered a plea of guilty, the petitioner "must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct." *United States v. Hutchings*, 618 F.3d 693, 697 (7th Cir. 2010) (internal citations omitted). This requires that the petitioner present objective evidence that he would not have pled guilty, not merely allege "that he would have insisted on going to trial." *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005).

### A. Counsel's Failure to File a Motion to Suppress Before Williams's Guilty Plea and Sentencing

The record does not support Williams's claims that his attorney was ineffective for failing to file a motion to suppress. "When a claim of ineffective assistance is based on counsel's failure to present a motion to suppress, [the Seventh Circuit has] required that a defendant prove the motion was meritorious." *United States v. Cieslowski*, 410 F.3d at 360 (citing *Owens v. United States*, 387 F.3d 607, 610 (7th Cir. 2004), and *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004)). When Williams pled guilty on August 18, 2011, it was the law of this Circuit that the installation and use of GPS tracking devices on a suspect's vehicle did not constitute a search under Fourth Amendment. *See United States v. Garcia*, 474 F.3d 994, 996 (7th Cir. 2007) (holding that the installation of a memory tracking device on a vehicle on public streets was not a search). The Seventh Circuit reaffirmed its holding in *Garcia* just four months before Williams entered his guilty plea. *See United States v. Cuevas-Perez*, 640 F.3d 272, 273–74 (7th Cir. 2011) (*Garcia* "unambiguous[ly]" held that GPS tracking was not a search within the meaning of the Fourth

6

Amendment and therefore did not require a warrant), *vacated,* 132 S.Ct. 1534 (2012). [2] Furthermore, the record demonstrates that Williams's trial counsel informed him in writing on June 23, 2011 that she had "researched the GPS issue" and would "discuss it with [him] in the near future." (Dkt. 1, p. 47). Given the legal precedent governing the use of GPS tracking devices at the time of Williams's plea and the fact that his counsel had assessed the issue months prior, the Court cannot conclude that Williams's counsel was ineffective for deciding not to file a motion to suppress. *See, e.g., Judkins v. United States*, No. 12-C-0759, 2013 WL 1130484, at *4 (E.D. Wis. Mar. 18, 2013) (section 2255 petitioner's trial counsel not ineffective for failing to challenge search conducted with GPS tracking device where Seventh Circuit precedent at the time, pursuant to *Garcia* and *Cuevas-Perez*, allowed GPS tracking without a warrant).

Williams also asserts that his trial counsel was ineffective for advising him to plead guilty rather than moving to withdraw his plea in light of *Jones*, which was decided eight days before his sentencing. Neither the law nor the record before the Court support Williams's position. First, Williams concedes that his trial attorney discussed the Supreme Court's decision in *Jones* with him, advised him that the case did not apply to him, and advised that a successful motion to suppress would be unlikely to change the outcome of his case at trial due to the physical evidence against him and his previous incriminating statements. (Dkt. 1, p. 17.) Generally, when an attorney articulates a strategic reason for a decision, the court defers to that choice. *See Strickland*, 466 U.S. at 690–691; *United States v. Scanga*, 225 F.3d 780, 783 (7th Cir. 2000) ("In applying the *Strickland* standard, this court is 'highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices.' ") (quoting *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000)); *see also United States v. Davenport*, 986 F.2d 1047, 1049–50 (7th Cir. 1996)

---

[2] *Cuevas-Perez* was vacated in light of *Jones* and remanded for further consideration. 132 S.Ct. 1534.

("Attorneys need not pursue every conceivable avenue; they are entitled to be selective."). Accordingly, if an attorney's decision was sound at the time the decision was made, the decision cannot support a claim of ineffective assistance of counsel. *Winters v. Miller*, 274 F.3d 1161, 1166 (7th Cir. 2001). Here, the record shows that Williams's trial counsel was aware of *Jones* and decided against moving to withdraw Williams's guilty plea and filing a motion to suppress on his behalf based on her determination that *Jones* did not apply and in light of other incriminating evidence against him. Under such circumstances, Williams's trial counsel cannot be said to have been ineffective. *See, e.g., Cieslowski*, 410 F.3d at 360–361 (counsel not ineffective for deciding against filing a motion to suppress "because it would have made little difference considering the overwhelming evidence found on his laptop and the damaging statements made by [the petitioner's] ex-wife"); *Hausler v. United States*, No. 11 C 8485, 2012 WL 5306295, at *4 (N.D. Ill. Oct. 26, 2012) (counsel not ineffective for failing to file a motion to suppress where it was undisputed that law enforcement had recovered a significant amount of other physical evidence that implicated him in the offense); *Arroyo v. United States*, No. 08-cv-280-JPG, 2010 WL 183904, at *5 (S.D. Ill. Jan. 20, 2010) (no prejudice where counsel decided not to file a motion to suppress due to the government's "overwhelming evidence from other witnesses …").

Furthermore, the Supreme Court's holding in *Jones* was not dispositive of the constitutionality of the GPS tracking on Williams's vehicle. In *Jones*, the Supreme Court held that the installation of a tracking device on a car constitutes a search within the meaning of the Fourth Amendment. 132 S.Ct. at 949. However the Court did not decide whether such a search could only be conducted by first obtaining a warrant or, alternatively, be supported by reasonable suspicion alone. *See id.* at 953–954; *United States v. Flores-Lopez*, 670 F.3d 803, 807 (7th Cir.

2012) (Seventh Circuit precedent that "a minimally invasive search may be lawful in the absence of a warrant, even if the usual reasons for excusing the failure to obtain a warrant are absent … survives *Jones*, which declined to decide whether the search entailed in attaching a GPS device required a warrant"); *see also United States v. Gibson*, 708 F.3d 1256, 1276 (11th Cir. 2013) ("The [*Jones*] Court expressly declined to consider whether the use of the [GPS] device, without a warrant, to track a vehicle's movements is valid under the Fourth Amendment if supported by probable cause or reasonable suspicion."); *compare also United States v. Robinson*, 903 F.Supp.2d 766, 785–87 (E.D. Mo. 2012) (relying on pre-*Jones* precedent to find reasonable suspicion sufficient to engage in GPS monitoring of vehicle), *with United States v. Ortiz*, 878 F.Supp.2d 515, 535–36 (E.D. Pa. 2012) (automobile exception does not apply to permit the government's warrantless installation and monitoring of a GPS tracking device). Accordingly, it does not automatically follow from *Jones* that the search of Williams's vehicle using GPS monitoring violated his constitutional right against unreasonable search and seizure.

Lastly, even assuming it is now the law of this Circuit that law enforcement obtain a warrant for every search that utilizes GPS monitoring, *Jones* would not have compelled the exclusion of evidence obtained through GPS monitoring in this case. The Supreme Court held in *Davis v. United States*, 131 S.Ct. 2419 (2011), that the "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Id.* at 2423–24 (reasoning that the purpose of the exclusionary rule is to deter Fourth Amendment violations and that purpose is not served by the invocation of the rule when it is used to punish law enforcement officers who comply with governing appellate precedent). The search at issue here was conducted when the prevailing law of this Circuit, pursuant to *Garcia*, was that a warrant is


...

2012) (Seventh Circuit precedent that "a minimally invasive search may be lawful in the absence of a warrant, even if the usual reasons for excusing the failure to obtain a warrant are absent … survives *Jones*, which declined to decide whether the search entailed in attaching a GPS device required a warrant"); *see also United States v. Gibson*, 708 F.3d 1256, 1276 (11th Cir. 2013) ("The [*Jones*] Court expressly declined to consider whether the use of the [GPS] device, without a warrant, to track a vehicle's movements is valid under the Fourth Amendment if supported by probable cause or reasonable suspicion."); *compare also United States v. Robinson*, 903 F.Supp.2d 766, 785–87 (E.D. Mo. 2012) (relying on pre-*Jones* precedent to find reasonable suspicion sufficient to engage in GPS monitoring of vehicle), *with United States v. Ortiz*, 878 F.Supp.2d 515, 535–36 (E.D. Pa. 2012) (automobile exception does not apply to permit the government's warrantless installation and monitoring of a GPS tracking device). Accordingly, it does not automatically follow from *Jones* that the search of Williams's vehicle using GPS monitoring violated his constitutional right against unreasonable search and seizure.

Lastly, even assuming it is now the law of this Circuit that law enforcement obtain a warrant for every search that utilizes GPS monitoring, *Jones* would not have compelled the exclusion of evidence obtained through GPS monitoring in this case. The Supreme Court held in *Davis v. United States*, 131 S.Ct. 2419 (2011), that the "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Id.* at 2423–24 (reasoning that the purpose of the exclusionary rule is to deter Fourth Amendment violations and that purpose is not served by the invocation of the rule when it is used to punish law enforcement officers who comply with governing appellate precedent). The search at issue here was conducted when the prevailing law of this Circuit, pursuant to *Garcia*, was that a warrant is

2012) (Seventh Circuit precedent that "a minimally invasive search may be lawful in the absence of a warrant, even if the usual reasons for excusing the failure to obtain a warrant are absent … survives *Jones*, which declined to decide whether the search entailed in attaching a GPS device required a warrant"); *see also United States v. Gibson*, 708 F.3d 1256, 1276 (11th Cir. 2013) ("The [*Jones*] Court expressly declined to consider whether the use of the [GPS] device, without a warrant, to track a vehicle's movements is valid under the Fourth Amendment if supported by probable cause or reasonable suspicion."); *compare also United States v. Robinson*, 903 F.Supp.2d 766, 785–87 (E.D. Mo. 2012) (relying on pre-*Jones* precedent to find reasonable suspicion sufficient to engage in GPS monitoring of vehicle), *with United States v. Ortiz*, 878 F.Supp.2d 515, 535–36 (E.D. Pa. 2012) (automobile exception does not apply to permit the government's warrantless installation and monitoring of a GPS tracking device). Accordingly, it does not automatically follow from *Jones* that the search of Williams's vehicle using GPS monitoring violated his constitutional right against unreasonable search and seizure.

Lastly, even assuming it is now the law of this Circuit that law enforcement obtain a warrant for every search that utilizes GPS monitoring, *Jones* would not have compelled the exclusion of evidence obtained through GPS monitoring in this case. The Supreme Court held in *Davis v. United States*, 131 S.Ct. 2419 (2011), that the "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Id.* at 2423–24 (reasoning that the purpose of the exclusionary rule is to deter Fourth Amendment violations and that purpose is not served by the invocation of the rule when it is used to punish law enforcement officers who comply with governing appellate precedent). The search at issue here was conducted when the prevailing law of this Circuit, pursuant to *Garcia*, was that a warrant is

not required to either install a GPS device or perform GPS tracking. Several courts, applying *Davis*, have rejected challenges to law enforcement's use of GPS monitoring where the search was conducted prior to the Supreme Court's holding in *Jones*. *See, e.g., United States v. Sparks*, 911 F.3d 58, 62–63 (1st Cir. 2013) (suppression inappropriate notwithstanding *Jones* because "the agents' attachment and monitoring of the GPS tracker was authorized by settled, binding precedent"); *United States v. Williams*, 507 Fed.Appx. 728, 730 (9th Cir. Feb. 12, 2013) (unpublished) (rejecting defendant's argument that case should be remanded to district court for a suppression hearing in light of *Jones*, holding that "[a]t the time the agents placed the GPS device, circuit precedent held that placing an electronic tracking device on the undercarriage of a car was neither a search nor a seizure under the Fourth Amendment") (internal quotations omitted); *United States v. Rainone*, No. 09 CR 206, 2013 WL 2403600, at *3 (N.D. Ill. May 31, 2013) (suppression not warranted under *Jones* because "at the time officers installed the tracking device on Rainone's vehicle, Seventh Circuit precedent was that a warrant was not required") (citing *Garcia*, 474 F.3d at 996–997); *Judkins*, 2013 WL 1130484, at *2 (holding that "[g]iven the state of the law, [section 2255 petitioner's] counsel did not perform deficiently" by failing to challenge law enforcement's use of GPS tracking, finding that "Seventh Circuit precedent at the time allowed GPS tracking without a warrant") (citing *Garcia*, 474 F.3d 994, *and Cuevas-Perez*, 640 F.3d 272). Therefore, even if the probability of winning a motion to suppress was the *only* strategic consideration Williams's counsel should have taken into account in advising him whether to plead guilty, Williams's argument that his counsel was ineffective for not withdrawing his guilty plea and filing a motion to suppress in the days leading up to his sentencing still fails because he has not shown a

motion to suppress based on *Jones* would have been meritorious in his case. *See Cieslowski*, 410 F.3d at 360.

Nor has Williams demonstrated prejudice by showing through objective evidence that there is a reasonable probability that, but for his attorney's failure to file a motion to suppress, he would not have pleaded guilty and would have insisted going to trial. Indeed taking together Williams's knowing and voluntary guilty plea, the fact that there was other incriminating evidence against him, and the unlikelihood that evidence obtained through GPS monitoring would have been excluded, the Court finds no basis to conclude that the outcome of Williams's proceedings before this Court would have been any different had his attorney's filed a motion to suppress. *See Davenport*, 986 F.2d at 1050.

### B. Counsel's Alleged Failure to Present Sufficient Evidence of Diminished Mental Capacity

The record belies Williams's claim that his counsel failed to request and present sufficient evidence of his alleged diminished mental capacity at his sentencing. Williams's counsel specifically addressed his mental capacity during his sentencing hearing and asked the Court to sentence him to a term at the low-end of the Guideline range. (Dkt. 10, Sentencing Transcript, pp. 13, 15.) Counsel also informed the Court that Williams suffered from and was not being treated for biopolar disorder, depression, anxiety, and drug and alcohol abuse. (*Id.* at 12–14.) The Court took note of Williams's condition in discussing Williams's history and characteristics for the purposes of section 3553. (*Id.* at 22 ("I have no doubt that your bipolar disorder has a significant contributing factor and no doubt that your drug use and alcohol use had a significant contributing factor.").) Following the presentation of this evidence to the Court, Williams stated during his

allocution, "Also, I would like to thank Ms. Christine [sic] Farley Jackson for [sic] diligent effort in providing me her most effective assistance." (*Id.* at 20.)

Based on this record, the Court finds that Williams's allegation suffers from a "fatal problem, which follows him throughout [the Court's] analysis: [Williams] has no credible evidence, only his own unsupported allegations, which are inadequate. In addition to presenting no credible evidence to support his allegations, the record contradicts him at almost every turn." *United States v. Hodges,* 259 F.3d 655, 659 (7th Cir. 2001). Accordingly, Williams's claims regarding his counsel's performance cannot serve as a basis for his Sixth Amendment claim.

### III. Williams Is Not Entitled to a Certificate of Appealability

Unless this Court issues a certificate of appealability, an appeal may not be taken to the United States Court of Appeals from this Court's judgment in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c); *see also Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). The decision of whether or not to grant a certificate of appealability is a screening device used to conserve judicial resources and prevent the Courts of Appeals from being overly burdened with unmeritorious petitions to vacate, set aside, or correct a sentence pursuant to § 2255. *See Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997). Courts may only grant a certificate of appealability when the petitioner has presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 649 (2012). A substantial showing of the denial of a constitutional right requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed further with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

As discussed above, Williams's Fourth Amendment claims are procedurally defaulted and barred. *See supra* Section I. "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added); *see also Jimenez v. Quarterman*, 129 S.Ct. 681, 684 n.2 (2009). In this case, reasonable jurists of reason would not find it debatable that Williams is procedurally barred from raising his Fourth Amendment claims due to his failure to raise the issue on direct appeal. Thus the Court declines to issue a certificate of appealability with respect to Williams's Fourth Amendment claims.

Williams's ineffective assistance of counsel claim is denied on the merits. *See supra* Section II. Thus, to obtain a certificate of appealability Williams must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims either debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack*, 529 U.S. at 484). Williams has not made such a showing here: reasonable jurists could not find room to debate the Court's ruling on the constitutional merits of Williams's ineffective assistance of counsel claim. Accordingly, because Williams has failed to make a substantial showing of the denial of a constitutional right, the Court denies Williams a certificate of appealability for the ineffective assistance of counsel claim raised in his § 2255 Motion. *See* 28 U.S.C. § 2253(c)(2); *see also Gonzalez*, 132 S.Ct. at 649.

## **CONCLUSION AND ORDER**

For the reasons stated, Williams' Motion to Vacate, Set Aside, or Correct Sentence is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 29, 2013